

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00258-CR

---

JARED SCOTT STEVENS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 71,042-E, Honorable Douglas R. Woodburn, Presiding

---

November 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In January of 2016, appellant, Jared Scott Stevens, pleaded guilty to possession of a controlled substance in an amount of one gram or more but less than four grams, a third-degree felony offense.[1] Pursuant to appellant's plea agreement with the State, the trial court deferred making a finding regarding appellant's guilt and placed him on

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017).

community supervision for a period of four years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101 (West 2018).

About nine months later, the State filed a motion to proceed with adjudication of appellant's guilt. Appellant was continued on community supervision, but the trial court added the condition that he attend a program at the Substance Abuse Felony Punishment Treatment Facility (SAFPF).

On March 6, 2018, the State filed another motion to proceed with adjudication. The State then filed an amended motion on June 5, 2018. At the hearing on the State's motion, appellant pleaded true to each of the alleged violations of the terms of his community supervision. The trial court found the alleged violations true, adjudicated appellant guilty, and sentenced appellant to six years' confinement in the Texas Department of Criminal Justice. Appellant timely filed a notice of appeal. In this appeal, counsel for appellant has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record, counsel's brief, and appellant's pro se response, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[3]

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.